GALVESTON, H. & S. A. RY. CO. v. LOCK.
(No. 920.)

(Court of Civil Appeals of Texas. El Paso.
Feb. 6, 1919.)

1. CARRIERS ⊜⇒219(5) — INJURY TO STOCK —
"THROUGH SHIPMENT."

In suit against initial carrier for damages
to shipment of cattle, *held*, there was no
"through shipment" within Vernon's Sayles'
Ann. Civ. St. 1914, arts. 731, 732, making ini-
tial carrier liable in such case for injury or loss
occurring on lines of connecting carrier.

[Ed. Note.—For other definitions, see Words
and Phrases, Second Series, Through Shipment.]

2. CARRIERS ⊜⇒219(7)—CONTRACT OF INITIAL
CARRIER—LIMITING LIABILITY.

Where defendant, initial carrier, which re-
fused to enter into contract for through ship-
ment, required a contract limiting liability to
damage occurring on its own lines, and agreed
only to transport to the end of its lines, there
could be no recovery for loss or injury occurring
on lines of connecting carrier; there being no
proof of fraud, compulsion, or mistake in avoid-
ance of contract required.

3. CARRIERS ⊜⇒219(6)—LIMITING LIABILITY—
RIGHT OF INITIAL CARRIER.

Initial carrier may limit its liability for
damages to loss or injury to shipments occur-
ring on its own line of railway.

Appeal from Presidio County Court; H. B.
Young, Judge.

Suit in justice court by J. H. Lock against
the Galveston, Harrisburg & San Antonio
Railway Company. Upon appeal to the coun-
ty court, there was judgment for plaintiff,
and defendant appeals. Reversed and re-
manded for a new trial.

I. L. Martin, Jr., and W. Van Sickle, both
of Alpine, Baker, Botts, Parker & Garwood,
of Houston, and Beall, Kemp & Nagle and
H. Potash, all of El Paso, for appellant.

Mead & Metcalfe, of Marfa, for appellee.

HARPER, C. J. This suit was brought by
appellee for damages to a shipment of cattle,
against the appellant, the initial carrier, al-
leging a through shipment from Marfa to Ft.
Worth, Tex. From a judgment in the justice
court, the cause was appealed to the county
court, and there, upon trial before the court
without a jury, a judgment was rendered for
appellee for $139 and costs, from which this
appeal is prosecuted.

The defense urged is that, under the con-
tract of shipment, appellant limited its lia-
bility to loss and damages occurring on its
own line, and appellant here complains, by
assignments, that the shipment contract is
for transportation to a station upon its own
line only, viz., Flatonia, and, not being a

through shipment and containing specific lim-
itations of liability for damages occurring
thereon, and that there being no proof of
damages to the cattle upon defendant's road,
the presumption is that the injuries and con-
sequent damages occurred upon the line of
the delivering carrier.

[1, 2] The assignments present for our de-
termination the question of fact: Was this a
through shipment from Marfa by way of Fla-
tonia to Ft. Worth, Tex., within the meaning
of articles 731 and 732, Vernon's Sayles' Stat-
utes? These statutes do not in any sense fix
a test as to what constitutes a through ship-
ment, but 731 simply declares that, where
property is transported under a contract for
through shipment, such contract as to the
shipper and consignee is the contract of each
of such common carriers for safe and speedy
shipment, etc., and 732 is that, in case of a
contract for through shipment, all connect-
ing lines are liable for damages sustained
anywhere in such through transportation,
and article 731 further provides that the
waybills, etc., shall be prima facie proof of
such relationship between such common car-
riers notwithstanding any stipulation to the
contrary, but not proof of the terms of the
contract as seems to be contended by appel-
lee. There is evidence in this record that
the cattle were offered for through shipment
by the Galveston, Harrisburg & San Antonio
from Marfa to its connection with and thence
over the Texas & Pacific Railway line to Ft.
Worth; but it is also in evidence that appel-
lant refused to enter into such a contract,
but required a contract in writing which
called for shipment to Flatonia and thence
over its connecting carrier, the Houston &
Texas Central, to Ft. Worth, and by this con-
tract the appellant has limited its liability
to damages occurring on its own lines.

And it is further stipulated in this con-
tract that—

"If the live stock are to be transported over
other roads it only agrees to transport it to
said station of Flatonia, named as the end of
its line," etc.

[3] This contract was pleaded by appel-
lant and introduced in evidence after appel-
lee had testified that he executed it, and,
there being no pleadings or proof of fraud or
compulsion or mistake in avoidance of this
contract, appellee could not repudiate it.
It therefore constitutes proof that this was
a local and not a through shipment in so far
as appellant is concerned. Ry. Co. v. Bar-
nett, 27 Tex. Civ. App. 498, 66 S. W. 474, ap-
proved in S. & A. P. Ry. Co. v. Grady, 171
S. W. 1019. To the same effect is G., H. &
S. A. Ry. Co. v. Jones, 104 Tex. 92, 134 S. W.
328. That the initial carrier, as appellant is
in this case, may limit its liability for dam-
ages as those occurring on its own line of

railway, is the settled law in this state as is shown by the authorities cited next above.

It follows that, since there is a total lack of proof of injury or loss occurring upon the line of appellant's railway, the cause must be reversed and remanded for a new trial, and it is so ordered.